1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9   JANE DOE and MARY ROE,

10          Plaintiffs,                                     No. C 06-1777 MHP

11       v.                                                **MEMORANDUM & ORDER**
12   GENERAL MICHAEL W. HAGEE, et al.          **Re: Defendants' Motion to Dismiss**

13          Defendants.
14   _____/

15          On March 8, 2006 plaintiffs Jane Doe and Mary Roe filed a complaint for injunctive relief

16   and damages against defendants General Michael Hagee, Commandant of the United States Marine

17   Corps; the United States Marine Corps; Donald Winter, Secretary of the Navy; Department of the

18   Navy; Sergeant Brian Fukushima and Staff Sergeant Joseph Dunzweiler alleging that defendants

19   violated plaintiffs' right to bodily integrity under the Fifth Amendment of the United States

20   Constitution.  Plaintiffs also allege claims sounding in tort under the Federal Tort Claims Act.  On

21   July 21, 2006 plaintiffs filed an amended complaint and have subsequently filed a second amended

22   complaint.[1]  Now before the court is defendants' motion to dismiss under Federal Rules of Civil

23   Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a

24   claim, or in the alternative, under Rule 12(e), for a more definite statement and Rule 12(b)(5)  for

25   insufficient service of process.   Having considered the parties' arguments and submissions, and for

26   the reasons set forth below, the court enters the following memorandum and order.

27
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    BACKGROUND

2          At the time of the incidents giving rise to this litigation, plaintiffs Jane Doe and Mary Roe

3    were seventeen-year-old high school students seeking to enlist in the Marine Corps.  In Fall 2004

4    Doe, a resident of Ukiah, California, went to the Santa Rosa recruiting office to inquire about

5    becoming a Marine.  A staff member in the Santa Rosa office referred her to defendant Joseph

6    Dunzweiler in the Ukiah office.  In late fall of 2004 Doe met with Dunzweiler at the Ukiah

7    recruiting office.  Plaintiffs allege that Dunzweiler cultivated an inappropriate, intimate relationship

8    with Doe after this initial meeting.  According to plaintiffs' allegations, Dunzweiler pursued a sexual

9    relationship with Doe by asking her on dates, sending her sexual emails and telling her that he would

10   eventually get her alone.  Doe contends Dunzweiler repeatedly insisted that she have sex with him,

11   telling her on multiple occasions that she must have sex with him in order to join the Marine Corps.

12   In January 2005 Dunzweiler took Doe into the back room of the Ukiah recruiting office and had sex

13   with her.  Doe alleges that she did not want to have sex with Dunzweiler but did so because she

14   believed she had to comply to join the Marines.  In February 2005 Doe and a friend who is not

15   named in this action went to the recruiting office and had dinner with Dunzweiler and another

16   Marine.  After dinner, Doe, her friend and Dunzweiler returned to the office.  Dunzweiler instructed

17   Doe's friend to type up some papers, then called Doe into the restroom where he again allegedly

18   coerced Doe into sexual intercourse.  As a result of these two sexual encounters, Doe claims she

19   acquired a sexually transmitted disease.

20          Approximately two weeks after the second alleged sexual assault, Dunzweiler communicated

21   to Doe that she had to sleep at the Ukiah recruiting office before attending a recruiting function the

22   next day in Santa Rosa.  When Doe refused, Dunzweiler instructed her that if she wanted to be a

23   Marine, she needed to report to the recruiting office by midnight and sleep there.  Doe went to the

24   office with a friend who is not named in this action and plaintiff Roe.  Other Marine Corps members,

25   including defendant Fukushima, were also in attendance.  According to Doe, Dunzweiler insisted

26   that she sleep with him in his sleeping bag; when she refused, he berated her.  Doe claims that

27   Dunzweiler pressured her into having intercourse with him again.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Doe alleges that other Marines present were aware of Dunzweiler's intentions and his

2    previous sexual encounters with Doe.  Furthermore, while Dunzweiler was having sex with Doe,

3    defendant Fukushima and another Marine allegedly were having sex with other high school female

4    recruits at the recruiting office.  Plaintiff Roe alleges that when she arrived at the "sleepover," she

5    was in an extremely intoxicated state and vomited on herself soon after arriving.  Roe further claims

6    that Fukushima forcibly raped her and that her intoxicated condition prevented her from resisting.

7    Roe claims that other Marines were also present while she was being raped and were aware of what

8    was occurring.  Roe further claims that the other officers present were aware of Fukushima's alleged

9    history of sexual misconduct with recruits at the Ukiah recruiting office and other locations.

10   Based on these allegations, plaintiffs seek injunctive relief to prevent defendants Hagee,

11   Winter, the United States Marine Corps and the Department of the Navy from violating plaintiffs'

12   constitutional rights in the future.  Plaintiffs also seek to require those defendants to properly train

13   and supervise U.S. Marine Corps recruiters and servicemembers.  Plaintiffs claim they seek to enlist

14   in the Marines and participate in further recruitment activities and therefore need the protection of an

15   injunction.  Plaintiffs also seek monetary damages for pain and suffering, compensation of medical

16   expenses, lost career and employment opportunities and attorney's fees and costs.

17   Defendants filed a motion to dismiss plaintiffs' claims for lack of subject matter jurisdiction.

18   Jurisdiction is improper over plaintiffs' claims under the Federal Tort Claims Act ("FTCA"),

19   28 U.S.C. sections 2671–80, on the basis that the United States is the only proper defendant in an

20   FTCA action.  They also argue that plaintiffs have failed to execute proper service of process.

21   Defendants contend that the plaintiffs' claims under the Administrative Procedures Act ("APA"),

22   5 U.S.C. section 701 are moot because the defendants Fukushima and Dunzweiler have been

23   discharged and no longer present a threat to plaintiffs and because plaintiffs have not sought to enlist

24   in the Marines or participate in any further recruitment activities.

25   Defendants also assert that plaintiffs have failed to state actionable claims under the FTCA

26   and the APA.  They claim that plaintiffs' FTCA claims are barred by the intentional tort exclusion of

27   the FTCA.  Finally, defendants allege that plaintiffs cannot sue federal defendants for injunctive

28

3

1   relief under the APA because plaintiffs have not challenged a final agency action and have failed to

2   show they lack an adequate legal remedy.

3

4   LEGAL STANDARD

5   I.      Motion to Dismiss 12(b)(1), Lack of Subject Matter Jurisdiction

6           A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter

7   jurisdiction of the court.  See, e.g., Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039–40

8   (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004).  The plaintiff bears the burden of establishing

9   the propriety of the court's jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

10  377 (1994).  Consequently, a Rule 12(b)(1) motion will be granted if the complaint, when

11  considered in its entirety, fails to allege on its face facts sufficient to establish subject matter

12  jurisdiction.  Savage, 343 F.3d at 1039 n.2; Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594

13  F.2d 730, 733 (9th Cir. 1979).  Alternatively, a defendant may seek dismissal under Rule 12(b)(1) by

14  presenting evidence to refute the jurisdictional facts alleged in the complaint.  Id.  Once the

15  defendant has introduced such evidence, the plaintiff "must furnish affidavits or other evidence

16  necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage, 343 F.3d at 1039

17  n.3 (citation omitted).

18

19  II.     Motion to Dismiss 12(b)(6), Failure to State a Claim

20          A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) will be denied

21  unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or

22  her to relief.  Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Fidelity Financial Corp. v. Fed. Home

23  Loan Bank of S. F., 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987).

24  Allegations of material fact are taken as true and construed in the light most favorable to the

25  nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Dismissal

26  can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under

27  a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

28

4

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   The court need not, however, accept as true allegations that are conclusory, legal conclusions,

2   unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors,

3   266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir.

4   1994).

5

6   III.   Motion for a More Definite Statement 12(e)

7        "It is well-established . . . that a motion for a more definite statement attacks unintelligibility

8   in a pleading, not a mere lack of detail."  Campos v. S. F. State Univ., No. C 97–2326, 1999 WL

9   1201809, at *8 (N.D. Cal. June 26, 1999) (Chesney, J.). Therefore, a "motion for a more definite

10  statement should be granted only where the complaint is so indefinite that defendant cannot ascertain

11  the nature of the claim being asserted and therefore cannot reasonably be expected to frame an

12  appropriate response."  City of Oakland v. Keep on Trucking Co., No. C 95–03721, 1998 WL

13  470465, at * 1 (N.D. Cal. July 30, 1998) (Breyer, J.).  See also Simpson v. Martin, Ryan, Andrada &

14  Lifter, No. C 96–4590, 1997 WL 542701, at * 2 (N.D. Cal. Aug. 26, 1997) (Smith, J.) (stating "[t]he

15  Court must deny the motion if the complaint is specific enough to apprise defendant of the substance

16  of the claim being asserted").  "If the detail sought by a motion for more definite statement is

17  obtainable through discovery, the motion should be denied."  Beery v. Hitachi Home Elec.

18  (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) (citations omitted).

19

20  DISCUSSION

21  I.    Lack of Subject Matter Jurisdiction

22        Defendants contend that this court lacks subject matter jurisdiction over plaintiffs' FTCA

23  claims because plaintiffs have sued individual members and officers of the Marine Corps, and the

24  Marines, but not the proper defendant in an FTCA action, the United States.  Additionally,

25  defendants contend that the court lacks jurisdiction over plaintiffs' APA claims because their claims

26  do not state a live case or controversy thus depriving federal courts of subject matter jurisdiction

27

28

5

1    pursuant to Article III of the United States Constitution.  See SEC v. Med. Comm. for Human

2    Rights, 404 U.S. 403, 407 (1972).

3            A.    Federal Tort Claims Act

4            The proper parties under the FTCA has been directly addressed by the Ninth Circuit.  In

5    Allen v. Veterans Admin., 749 F.2d 1386 (9th Cir. 1984), the court held: "The Federal Tort Claims

6    Act provides that the United States is the sole party which may be sued [under the FTCA] for

7    personal injuries arising out of the negligence of its employees.  Individual agencies of the United

8    States may not be sued." Id. at 1388 (citations omitted).  However, an FTCA claim brought against

9    the Marine Corps or the Marines is properly treated as brought against the United States.  Anderson

10   v. U. S. Postal Service, 761 F.2d 527 (9th Cir. 1985) (per curiam) (affirming district court's

11   treatment of FTCA suit brought against the Postal Service as against the United States).

12           The plaintiffs have properly served government defendants by serving process on a United

13   States Attorney for the district in which the action was brought.  Fed. R. Civ. P. 4(i)(1)(A).  Where

14   service is made properly on the United States Attorney but the complaint names the organization of

15   the United States being sued instead of the United States, service is still proper upon the United

16   States.  Husek v. IRS, 778 F. Supp. 598 (N.D.N.Y. 1991).

17           Accordingly, defendants' motion to dismiss plaintiffs' FTCA claims for lack of subject

18   matter jurisdiction and insufficient service of process are denied.  However, the United States is

19   hereby substituted for the United States Marine Corps and the Department of the Navy.

20           B.    Administrative Procedures Act

21

22           Defendants also assert that this court lacks jurisdiction to hear plaintiffs' claim for injunctive

23   relief under the APA because the claim is moot.  First, defendants contend that plaintiffs' claim is

24   moot because defendants Dunzweiler and Fukushima have been tried in a military court and

25   discharged from the Marines.  They also argue that the claim is moot because Doe and Roe have not

26   sought to enlist in the Marines or participate in any recruitment activities. The court will address

27   each argument in turn.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   "The burden of demonstrating mootness is a heavy one." <u>Northwest Envtl. Def. Ctr. v.</u>

2   <u>Gordon</u>, 849 F.2d 1241, 1243 (9th Cir. 1988) (citations omitted).  A moot claim is one that has "lost

3   its character as a present, live controversy."  <u>American Tunaboat Ass'n v. Brown</u>, 67 F.3d 1404,

4   1407 (9th Cir. 1995) (citations omitted).   In the context of a request for injunctive relief, where the

5   activities sought to be enjoined have already occurred and the courts "cannot undo what has already

6   been done, the action is moot." <u>Friends of the Earth, Inc. v. Bergland</u>, 576 F.2d 1377, 1379 (9th Cir.

7   1978).

8          Defendants first argue that plaintiffs' claims are moot because the individual defendants who

9   plaintiffs allege committed the sexual assaults have been discharged from the Marines.  "The basic

10  question in determining mootness is whether there is a present controversy as to which effective

11  relief can be granted." <u>Gordon</u>, 849 F.2d at 1244.  A case is moot when two conditions have been

12  satisfied: (1) when "there is no reasonable expectation that the alleged violation will recur, and (2)

13  interim relief or events have completely and irrevocably eradicated the effects of the alleged

14  violation." <u>County of L.A. v. Davis</u>, 440 U.S. 625, 631 (1979).

15         The fact that Dunzweiler and Fukushima have been discharged from the Marines certainly

16  reduces the likelihood that plaintiffs would suffer sexual assaults by those two defendants.  The

17  plaintiffs allege, however, that other Marines condoned the alleged sexual assaults perpetrated by

18  Dunzweiler and Fukushima.  If these allegations are true, the presence of those other Marines, who

19  may still be members of the Marine Corps, persuades the court that there is still a cognizable threat

20  to plaintiffs should they seek to enlist. Therefore, plaintiffs have a "reasonable expectation" that

21  sexual assaults might occur and the discharge of two Marines does not "eradicate the effects" of the

22  violation. <u>Id.</u>

23         Dunzweiler and Fukushima's discharge from the Marines does not render moot plaintiffs'

24  claim for injunctive relief for negligent supervision and training.  Doe alleges that other Marines

25  were present during two of the sexual assaults and aware of what was happening but did not

26  intervene.  All of the alleged sexual assaults took place at the recruiting office during official

27

28

7

UNITED STATES DISTRICT COURT
For the Northern District of California

1  recruiting activities.  These facts suggest that removal of the two offending officers would not

2  necessarily "eradicate the effects" of negligent supervision and training.  Id.  Therefore, plaintiffs

3  have made sufficient allegations to demonstrate a present controversy.

4  Defendants' second argument is that plaintiffs' claim is moot because plaintiffs have not

5  sought to enlist or participated in recruitment activities since the alleged sexual assaults.  To support

6  their contention, defendants erroneously rely on Bird v. Lewis & Clark Coll., 303 F.3d 1015 (9th

7  Cir. 2002).  Bird held that plaintiff, a disabled college student who alleged that she was

8  discriminated against on the basis of her physical disability in the course of a college study abroad

9  program, did not have standing to bring such a challenge.  Id. at 1017–19.  The Ninth Circuit did not

10  address whether her claim was moot.  Id. at 1019–24.  In that case, the plaintiff had no plans to

11  return to the college or participate in their overseas programs in the future.  Id. at 1020.  The Ninth

12  Circuit concluded that the plaintiff could not demonstrate a real or immediate threat that the

13  defendant would discriminate against her again.  Id. at 1015.  Bird is distinguishable from the instant

14  action because plaintiffs Doe and Roe still have the opportunity to enlist in the Marines, unlike the

15  plaintiff in Bird who was not eligible to participate in the program without re-enrolling in the

16  university.  Significantly, the plaintiffs in the instant case have alleged their intent to enlist in the

17  military in the future.  First Amended Complaint ("FAC") ¶ 5.

18  The more compelling case for defendants is City of L. A. v. Lyons, 461 U.S. 95 (1983).  In

19  Lyons, plaintiff sought injunctive relief to stop the practice of chokehold detentions by the Los

20  Angeles Police Department in certain circumstances.  The Supreme Court held that Lyons had not

21  overcome the case or controversy requirement because his claim was conjectural.[2]  Crucial to the

22  Court's ruling was the plaintiff's failure to establish either that all police in Los Angeles always

23  choke any citizen with whom they have an encounter or, alternatively, that the City ordered or

24  authorized all police officers to act in this manner.  Id. at 105–06.  The court found plaintiff's

25  allegation that he risked being subjected to a chokehold in the future too abstract.  Past exposure to

26  illegal conduct does not necessarily mandate injunctive relief.  Id.

27

28

8

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Doe and Roe argue that they are entitled to seek an injunction because the defendants have

2    engaged in a pattern or practice of constitutional violations or unofficial policies promoting

3    constitutional violations.  Their allegations are sufficient to overcome the analysis in Lyons.

4    Plaintiffs have alleged that they are likely to have another encounter with the Marines and their

5    recruiters because they intend to enlist in the Marines.  FAC ¶ 5.  While plaintiffs have not alleged

6    that all Marine recruiters always sexually assault recruits, they have alleged that the Marines

7    condoned the practice of sexually assaulting recruiters sufficient to overcome defendants' motion to

8    dismiss.  In LaDuke v. Nelson, 762 F.2d 1318 (9th Cir. 1985), the Ninth Circuit distinguished

9    Lyons, and affirmed the grant of an injunction on the basis that the plaintiff in LaDuke had shown an

10   officially sanctioned pattern of behavior that was distinctly lacking in Lyons.  Id. at 1324 ("[The

11   Lyons Court] expressly noted the absence of any written or oral pronouncements by the Los Angeles

12   Police Department sanctioning the unjustifiable application of the chokehold and pointed to the

13   absence of 'any [record] evidence showing a pattern of police behavior' suggestive of an

14   unconstitutional application of the chokehold.").  Here, plaintiffs have not yet been given the

15   opportunity to present such a record, and defendants have not shown that it would be impossible for

16   them to do so.  It is important to note that Lyons and LaDuke were at the procedural stage at which a

17   motion for injunction was before the court and factual records had been developed for that purpose.

18   Here, the parties are at the early stages of the case on a motion to dismiss and where no discovery

19   has been taken.  See Rodriguez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1142 (N.D. Cal. 2000)

20   (Fogel, J.) (distinguishing Lyons, in which the Court based its decision on a full evidentiary record,

21   not the untested allegations of the complaint).

22   Accordingly, defendants' motion to dismiss plaintiffs' claims for injunctive relief on the

23   grounds of mootness is denied.

24

25

26

27

28

9

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

II.     Failure to State a Claim

In their motion to dismiss, defendants assert that plaintiffs' claims are barred by the intentional tort exception to the FTCA and thus fail to state a claim upon which relief can be granted.   Defendants also claim that because plaintiffs are not challenging a final agency action, their claims are not cognizable under the APA.  Defendants contend their claim for injunctive relief is likewise barred because they have failed to show they lack an adequate legal remedy.

A.     Federal Tort Claims Act

Defendants urge the court to dismiss plaintiffs' FTCA claim on the basis that it is barred by the intentional torts exception to the FTCA.  The FTCA waives sovereign immunity for torts committed by government employees acting within the scope of their employment. 28 U.S.C. § 2680(h).  Sovereign immunity is not waived, however, when the claim arises out of an intentional tort, such as assault or battery.  "[T]he general rule [is] that the Government is not liable for the intentional torts of its employees."  Sheridan v. United States, 487 U.S. 392, 395 (1988). However, the government is not insulated from liability in all instances involving an intentional tort. Id. at 400.  When government employees negligently allow a foreseeable assault or battery to occur, the government may be liable.  Id. at 401.

Assuming arguendo that plaintiffs have stated a cause of action for negligence, it is not barred by the FTCA.  The Ninth Circuit has held that claims for negligent hiring and supervision of a federal employee are not barred by the intentional torts exception of the FTCA even when the negligence results in an intentional tort.  See Brock v. United States, 64 F.3d 1421 (9th Cir. 1995) (holding that a claim of negligent hiring and supervision of a federal employee was not barred by the assault and battery exception when the underlying action was rape); Bennett v. United States, 803 F.2d 1502 (9th Cir. 1986) (holding that the government was liable under the FTCA for the negligent hiring and supervision of a teacher who kidnapped, assaulted and raped several children enrolled at the school where he taught); Senger v. United States, 103 F.3d 1437 (9th Cir. 1996) (permitting an FTCA claim to proceed for negligent failure to warn about postal employee's dangerous

10

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  proclivities).  Therefore, negligent hiring, supervision and failure to warn claims are not barred by

2  the FTCA's intentional torts exception.

3          In their opposition to defendants' motion to dismiss, plaintiffs state their causes of action to

4  be negligent hiring, supervising and training of defendants Dunzweiler and Fukushima, and the

5  negligent failure to warn plaintiffs of potential dangers of being recruited into the Marines.  Pls.'

6  Opp'n, 2.  Plaintiffs assert that their amended complaint sufficiently alleges negligence.  However,

7  the amended complaint is far from clear.  Plaintiffs fail to specify their intended causes of action

8  under the FTCA and make only conclusory legal assertions about defendant's alleged negligence.

9  Although plaintiffs allege that other Marines were present when the alleged sexual assaults took

10  place, and other Marines knew of Dunzweiler and Fukushima's alleged past sexual indiscretions

11  with recruits, this is far from pleading "[the] necessary element of a claim for negligent

12  supervision[,] . . . that the employer knows or should have known that the employee presented a risk

13  of danger to others."  Ayon v. Lincare Inc., C05–0808C, 2006 WL 2469112, at *3 (W.D. Wash.

14  Aug. 14, 2006) (citation omitted).  The fact that other Marines may have been present at or aware of

15  the misconduct will not necessarily give rise to negligent hiring, supervision or training claims.  The

16  claims will lie only if such Marines had supervision, training or hiring responsibilities.

17          For the purposes of the FTCA, there is a legally significant distinction between an intentional

18  tort and a negligence claim.  Plaintiffs have failed to plead sufficient facts to make out a cause of

19  action for negligence.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);

20  Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).  Therefore, the defendants'

21  motion to dismiss for failure to state an actionable claim under the FTCA is granted without

22  prejudice.  The court further grants plaintiffs leave to amend their complaint to allege facts sufficient

23  to sustain a cause of action for negligent hiring, supervision and failure to warn.

24          Plaintiffs' claims are not "so indefinite that defendant cannot ascertain the nature of the claim

25  being asserted and therefore cannot reasonably be expected to frame an appropriate response,"

26

27

28

11

however, and therefore leave to amend is appropriate.  <u>Keep on Trucking Co.</u>, 1998 WL 470465, at

* 1.  Accordingly, defendants' motion for a more definite statement is denied.

        B.      <u>Administrative Procedures Act (APA)</u>

Defendants assert that plaintiffs have failed to state a claim under the Administrative

Procedures Act, 5 U.S.C. section 701 <u>et seq</u>.  Defendants argue that plaintiffs have not stated a valid

claim under the APA because they have not challenged a final agency action.  Defendants also argue

that injunctive relief is inappropriate because plaintiffs have failed to show that they lack an

adequate legal remedy.  The court addresses each argument below.

        1.      <u>Final Agency Action</u>

APA section 702 waives sovereign immunity for actions seeking injunctive relief.  "A person

suffering legal wrong because of any agency action, or adversely affected or aggrieved by such

action within the meaning of any relevant statute, shall be entitled to judicial review thereof."

5 U.S.C. § 702.  Defendants argue that plaintiffs' claim under the APA must be dismissed because

plaintiffs have not identified a final agency action subject to judicial review and thus sovereign

immunity bars this suit as a matter of law.  In support of this proposition, defendants cite cases

construing the "final agency action" requirement of APA section 702 as limited by the definition of

"agency action" in section 551(13).  <u>See</u> <u>San Carlos Apache Tribe v. United States</u>, 272 F.Supp. 2d

860, 883 (D. Ariz. 2003) ("[W]hen review is. . . [sought] under the general review provisions of the

APA, 5 U.S.C. § 702, Plaintiffs . . . must show that they have been affected by some "agency action"

as defined in section 551(13).").  The Ninth Circuit has expressly declined to import the more rigid

definition of "agency action" of section 551(13) into section 702's waiver of sovereign immunity.

<u>See</u> <u>Presbyterian Church (U.S.A.) v. United States</u>, 870 F.2d 518, 526 (9th Cir. 1989).  Instead, the

wavier of sovereign immunity applies in "all actions seeking relief from official misconduct except

for money damages."  <u>Id.</u> at 525.  Under this reading of 702, plaintiffs' claims for injunctive relief

are not barred by sovereign immunity.

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    Defendants raise a related point that APA section 704 confines judicial review to final

2  agency action.  5 U.S.C. § 704.  "Final agency action" under 704 is that which 1) "mark[s] the

3  consummation of the agency's decisionmaking process;" and  2) action "by which rights or

4  obligations have been determined, or from which legal consequences flow." <u>Nippon Miniature

5  Beargin Crop. v. Weise</u>, 230 F.3d 1131, 1137 (9th Cir. 2000) (citing <u>Bennett v. Spear</u>, 520 U.S.154,

6  177 (1997)).  Construing the facts in the light most favorable to plaintiffs, the court finds that they

7  have alleged sufficient facts to overcome a motion to dismiss on the final agency action requirement.

8    Plaintiffs have alleged that the defendants had "a specific policy—of condoning and

9  permitting rape," an allegation that suggests that the policy resulted from defendant's

10  decisionmaking process. Pls.' Opp'n 6, n.2. <u>Cf.</u> <u>Ecology Ctr., Inc. v. U. S. Forest Serv.</u>, 192 F.3d

11  922, 925 (9th Cir. 1999) (concluding that an agency's failure to monitor is not agency action because

12  it does not represent the culmination of a decision-making process).  Plaintiffs also allege that

13  Marines other than defendants Fukushima and Dunzweiler were aware of and complicit in the

14  alleged sexual assaults.  FAC ¶¶ 10–12.  A policy of permitting rape, as plaintiffs have alleged,

15  would most certainly satisfy the second prong of the test because it has an "actual or immediately

16  threatened effect" on the plaintiffs.  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 894 (1990).

17  Therefore, the court rejects defendants' contention that plaintiffs have failed to allege final agency

18  action.

19    2.    <u>Lack of Adequate Legal Remedy</u>

20

21    Defendants also argue that the plaintiffs have failed to show that they lack an adequate legal

22  remedy.  For a court to grant equitable relief there must generally be no adequate legal remedy.

23  <u>Orantes-Hernandez v. Thornburgh</u>, 919 F.2d 549, 558 (9th Cir. 1990)  Defendants point to other

24  remedies, including a suit under the FTCA, for redress of the plaintiffs' alleged injuries.  However, a

25  suit for damages under the FTCA is an adequate remedy only for the causes of action based on the

26  past sexual assaults suffered by the plaintiffs.  However, there are no adequate remedies at law for

27  plaintiffs' claims of future injury as a result of their fear of future sexual assault if they enlist in the

28  Marines.  "Past injury may entitle the victim to relief in the form of damages, but it is simply

13

insufficient to obtain an injunction." <u>Nava v. City of Dublin</u>, 121 F.3d 453, 458–59 (9th Cir. 1997), <u>overruled in part on other grounds</u>, <u>Hodgers-Durgin v. De La Vina</u>, 199 F.3d 1037, 1041 (9th Cir. 1999). In the instant case, plaintiffs have alleged more than past injury. They allege an on-going and future injury. In an analogous context, the Supreme Court has determined that when an individual is deterred from seeking an employment opportunity because of the unlawful acts of the employer, equitable relief is the precise remedy. <u>See</u> <u>International Bro. of Teamsters v. United States</u>, 431 U.S. 324, 367 (1977) ("Victims of gross and pervasive discrimination could be denied relief precisely because the unlawful practices had been so successful as totally to deter job applications from members of minority groups.") (internal quotations and citations omitted). Therefore, the court rejects defendants' argument that plaintiffs have failed to allege that they have inadequate remedy at law.

CONCLUSION

For the foregoing reasons, the court hereby DENIES defendants' motion to dismiss for lack of subject matter jurisdiction as to the FTCA claim and the APA claim. The court hereby GRANTS defendants' motion to dismiss without prejudice on the basis that, as alleged, plaintiffs have failed to state a claim under the FTCA since it rests only on allegations of an intentional tort. The court concurrently GRANTS plaintiffs leave to amend their complaint to plead a cause of action that sounds in negligence and consistent with this order. Plaintiffs are ordered to file their amended complaint within thirty days of the date of this order. The court DENIES defendants' motion to dismiss for failure to state a claim under the APA.


IT IS SO ORDERED.



Dated:    Jan. 11, 2007

_____
MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

**ENDNOTES**

1. The court notes that the plaintiffs' Second Amended Complaint suffers from the same infirmities as the First Amended Complaint discussed herein and that the plaintiffs will have to amend their complaint to comply with this order.   The Second Amended Complaint adds several new causes of action based on violations of various international treaties.  The court advises plaintiffs to acquaint themselves with the proper methods for pursuing their existing constitutional claims before commencing a foray into the territory of international law.

2. The portions of <u>Lyons</u> relied upon by defendants address the Article III case or controversy requirement generally rather than mootness, which the Court addressed in a separate part of the opinion.

UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28